UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL KHATON, UMA934, <br><br> Petitioner, <br><br> v. <br><br> GREG AHERN, Alameda County Sheriff, et al., <br><br> Respondents. | Case No. 17-cv-06978-SK (PR) <br><br> **ORDER TO SHOW CAUSE** <br><br> (ECF Nos. 1 & 5) |

Petitioner, a federal prisoner released to a halfway house in March 2017, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention at the Alameda County Glenn Dyer Detention Facility since October 13, 2017. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner alleges that since United States Marshals arrested and transported him to the Glenn E. Dyer Detention Facility on October 13, 2017 on federal charges or violations of rules, he has been detained at the Glenn E. Dyer Detention Facility without notice of the federal charges or violations against him, without a hearing before a federal judicial officer and without appointment of counsel. Pet. (ECF No. 7) at 7-9.[1] Liberally construed, the claims appear cognizable under § 2241 and merit an answer from respondents, Alameda County Sheriff Greg Ahern and the United States. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF No. 5) is GRANTED.

2. The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondents and respondents' attorney, the United States Attorney for the Northern District of California, and on the Attorney General of the United States in Washington, D.C. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

---

[1] Petitioner's petition for a writ of habeas corpus under § 2241 (ECF No. 7) supersedes his initial "motion for release from custody." Mot. (ECF. No. 1) at 1. The clerk accordingly is instructed to terminate the motion (ECF No. 1).

2

the court and serving it on respondent within 30 days of his receipt of the answer.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: January 4, 2018



SALLIE KIM
United States Magistrate Judge